**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| CLARENCE RAHIM GIPSON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No.: SAG-16-1393 |
| | * | |
| CAROLYN W. COLVIN, | * | |
| ACTING COMMISSIONER OF | * | |
| SOCIAL SECURITY | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

On May 10, 2016, Plaintiff Clarence Rahim Gipson petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits ("DIB") and Supplement Security Income ("SSI").  [ECF No. 1].  Currently pending is the Commissioner's Motion to Dismiss Mr. Gipson's Complaint, and Mr. Gipson's Response. [ECF Nos. 15, 17].  I find that no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2016). For the reasons explained below, I will grant the Commissioner's Motion to Dismiss.

On February 27, 2015, the Appeals Council mailed Mr. Gipson notice of its decision denying his request for review of an adverse decision issued by an Administrative Law Judge, regarding his claims for DIB and SSI. [ECF No. 15-2, Hartt Decl. at ¶ 3(c)]; *see also* [ECF No. 15, Ex. 8].  That notice also advised Mr. Gipson of his statutory right to commence a civil action within sixty days from receipt of the notice.  [ECF No. 15, Ex. 8]; 42 U.S.C. §§ 405(g) and (h). Mr. Gipson filed a claim with this Court on May 6, 2015, which was denied as untimely on August 7, 2015.   [ECF No. 15-2, Hartt Decl. at ¶ 3(f)]; *Gipson v. Colvin*, No. SAG-15-1298,

2015 WL 4726887 (D. Md. Aug. 7, 2015).  Mr. Gipson then filed his second appeal of the Commissioner's decision with this Court on May 10, 2016.  [ECF No. 1].

The Commissioner's implementing regulations have interpreted the statute to permit sixty-five days from the date of the notice, to allow sufficient time for mailing the notice. 20 C.F.R. §§ 404.901, 422.210(c).  Mr. Gipson has not alleged that he received the notice outside of the statutory time period. He therefore had to file his civil action on or before May 4, 2015. Thus, the instant complaint was filed over a year late. [ECF No. 1].

Congress has authorized lawsuits seeking judicial review of decisions by the Commissioner only under certain limited conditions, including specified filing deadlines.  *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958).  The limitations period must therefore be strictly enforced, absent (1) an agreement by the Commissioner to toll the deadlines, or (2) a valid basis for equitable tolling of the deadlines.  "[B]ecause of the importance of respecting limitations periods, equitable tolling is appropriate only 'where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action.'"  *Kokotis v. U.S. Postal Service*, 223 F.3d 275, 280 (4th Cir. 2000).  Mr. Gipson has not alleged, and the record does not reflect, any misconduct on the part of the Commissioner in this case regarding his rights and obligations in appealing the Commissioner's decision.  As a result, equitable tolling is not warranted.  Mr. Gipson filed his case after the statutory limitations period had run.  Accordingly, the Commissioner's Motion to Dismiss is granted.

**CONCLUSION**

For the reasons set forth above, the Commissioner's Motion to Dismiss, [ECF No. 15], is

GRANTED, and the Clerk is directed to CLOSE this case.

A separate order follows.


Dated: <u>August 23, 2016</u>                              _____/s/_____
                                                          Stephanie A. Gallagher
                                                          United States Magistrate Judge